## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

AISHA L. LEGRAND, Individually and as ) 
Administratrix to the Estate of BRENDA )
HUGHES, DANA LEGRAND, )
RAYMOND LEGRAND, BRIAN )
LEGRAND, and CRAIG LEGRAND, )
                                ) C.A. NO: N25C-04-301 KMM
           Plaintiffs, )
                                 )
      v. )
                                   )
BAYHEALTH MEDICAL CENTER, INC., )
700 MARVEL ROAD OPERATIONS )
LLC, individually and d/b/a Milford Center, )
                                   )
           Defendants. )

Date submitted: October 9, 2025
Date decided: October 21, 2025

## ORDER ON MOTION TO STAY

***Background***

1.     Plaintiffs filed this action on April 30, 2025, alleging that Brenda Hughes ("Hughes") died from Sacral Osteomyelitis after developing pressure ulcers from negligent medical treatment while under defendants' care.[1] Between April 30, 2023 and early September 2023, Hughes was transferred between various Bayhealth Medical Center, Inc. ("Bayhealth") facilities and 700 Marvel Road Operations LLC

---

[1] D.I. 1.

d/b/a Milford Center.[2]

2. Bayhealth filed an answer to the complaint and crossclaim against Milford Center for contribution and/or indemnification.[3] Milford Center filed an answer to the complaint and crossclaim against Bayhealth for contribution and/or indemnification.[4]

3. On July 9, 2025, Genesis Healthcare, Inc. and 298 of its affiliated entities filed petitions for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Northern District of Texas.[5] Milford Center is an affiliated debtor-in-possession. Thus, the automatic stay of section 362 of the bankruptcy code stayed all claims against it. The case against Bayhealth is not stayed.

***Bayhealth's motion***

4. Bayhealth filed a Motion to Stay pursuant to Superior Court Civil Rule 41(g), arguing that a stay is required because it cannot effectively prosecute its crossclaim or defend the claims against it without the participation of Milford Center or at least, the ability to obtain discovery from it. To avoid the expense of two trials—plaintiffs against Bayhealth and Bayhealth against Milford Center—Bayhealth seeks a stay until the bankruptcy cases are resolved or Milford Center can

---

[2] *Id.,* ¶¶ 25–34.
[3] D.I. 12.
[4] D.I. 19.
[5] https://dm.epiq11.com/case/genesis/info.

otherwise participate in this case.

5.      Plaintiffs oppose the stay, arguing that Milford Center's participation is not essential for Bayhealth to defend this case. They assert that Hughes was treated at Bayhealth before being treated at Milford Center and therefore, discovery from Milford Center is not critical, as Bayhealth suggests. Furthermore, Bayhealth has the protections of the Uniform Contribution Against Joint Tortfeasors Law, and technically, Bayhealth's crossclaim is not ripe because it has not been found liable for more than its proportional share.

*Genesis' bankruptcy proceedings*

6.      The Genesis debtors filed their cases with a stalking horse bid to sell substantially all of their assets.[6] Milford Center is identified as a "Facility"[7] to be sold. The bankruptcy court entered a bid procedures order, pursuant to which the debtors will hold an auction on November 13, 2025, if qualifying bids are received.[8] A hearing to consider approval of a sale is currently scheduled for November 18.[9]

7.      The general bar date for filing proofs of claim is October 31, 2025.[10]

*Section 362 and Superior Court Rule 41(g)*

8.      Upon the filing of a bankruptcy petition, the automatic stay in section

---

[6] Bankr. D.I. 117.
[7] D.I. 685, Asset Purchase Agreement ("APA"), Schedule 2.
[8] Bankr. D.I. 685.
[9] *Id*. The APA provides for a sale closing date of no later than February 4, 2026, subject to certain extensions. APA, §10.01.
[10] https://dm.epiq11.com/case/genesis/info

3

362 of the bankruptcy code attaches. The stay prohibits "the commencement or continuation, . . . of a judicial, administrative, or other action or proceeding against the debtor" and proscribes recovery against the debtor for a claim that arose before the filing of the petition.[11] The stay, however, does not apply to non-debtors.[12] While there is some disagreement over the source of a bankruptcy court's authority,[13] courts have "extended" the automatic stay to non-debtors "in 'unusual circumstances.'"[14] "[U]nusual circumstances" have been found "where there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor."[15]

9. Rule 41(g) contains this court's process when a party files a bankruptcy petition. It provides:

> When the Court is advised that a party has filed a bankruptcy petition, the action shall be stayed. The Prothonotary shall remove the action from the active docket to the dormant docket. … Twenty-four months after the transfer, the action shall be dismissed without further notice unless, prior to the expiration of the twenty-four month period, a party seeks to extend the period, for good cause shown.[16]

---

[11] 11 U.S.C. § 362(a)(1).

[12] *See In re Moon Group, Inc.*, 2022 WL 4658615, at *19 (Bankr. D. Del. Sept. 30, 2022).

[13] *See In re LTL Mgt., LLC,* 638 B. R. 291, 300 (Bankr. D. N.J. 2022) (discussing authority deriving from section 362 and a separate injunction issued under the court's equitable powers under section 105(a) of the bankruptcy code).

[14] *In re Moon Group., Inc.*, 2022 WL 4658615, at *19 (internal citations omitted).

[15] *Id.* (internal citations and quotations omitted); *see also In re Parlement Tech., Inc.*, 661 B.R. 722, 726 (Bankr. D. Del. 2024).

[16] Del. Super. Ct. Civ. R. 41(g).

10.    Bayhealth is not seeking to extend the section 362 stay, but asks the court to apply the same "unusual circumstances" analysis to its request under Rule 41(g), pointing to *Roberts v. We Love Country Inc.*[17]  In *Roberts*, a copyright infringement case was pending in the district court when one of the individual defendants filed for chapter 7 bankruptcy protection.[18]  The non-debtor defendants sought to stay the action.[19]  The court granted a stay, finding that without it, the debtor would not be able to "adequately protect his interests" because the claims asserted against the defendants were "essentially the same."[20]  The court also found that staying the case would avoid having to litigate claims twice; once against the non-debtors and again against the debtor when the bankruptcy case was resolved.[21]

11.    Bayhealth also relies on *Hub Group, Inc. v. Southern States Cooperative, Inc.*[22]  There, after one of the two defendants filed for bankruptcy protection, the entire case was moved to Superior Court's dormant docket.[23]  Plaintiff moved under Rule 41(g) to transfer the case against the non-debtor defendant to the active docket.[24]  The non-debtor defendant opposed the motion, asserting prejudice because it could not seek discovery from the debtor defendant,

---

[17] 2005 WL 2094843 (E.D. Pa. Aug. 29, 2005).
[18] *Id.* at *1.
[19] *Id.*
[20] *Id.* at *2.
[21] *Id.* at *3.
[22] 2022 WL 16833549 (Del. Super. Nov. 9, 2022).
[23] *Id.* at *1.
[24] *Id.*

5

and would be forced to litigate the claims without its contractual right to indemnification, which was asserted in a crossclaim.[25] The non-debtor defendant further argued that the case was essentially a case against the debtor.[26]

12. The *Hub Group* court applied the "unusual circumstances" analysis in denying plaintiff's motion, stating that "partially activating the case has the palpable potential of affecting [the debtor defendant] and thus serves counter to the purpose of the bankruptcy code's automatic stay and, by implication, Rule 41(g)."[27]

*Discussion*

13. There is very little authority construing Rule 41(g).[28] While Rule 41(g) provides that the "Prothonotary *shall* remove the action from the active docket to the dormant docket[,]"[29] the use of "shall" is not intended to automatically extend the stay to a non-debtor co-defendant.[30] The court, however, has inherent authority to stay a case in an exercise of its discretion.[31]

14. The automatic stay in section 362 is broad reaching, but it is not without limitations. It does not apply to non-debtors. Thus, a co-defendant's bankruptcy

---

[25] *Id.*
[26] *Id.* .
[27] *Id*. at *2.
[28] *Kurten v. Johnson & Johnson*, 2020 WL 1888940, at *1 (Del. Super. Apr. 14, 2020).
[29] Del. Super. Ct. Civ. R. 41(g).
[30] *Kurten*, 2020 WL 188940, at *2.
[31] *See Romeo v. DMG Practice Management Sols., LLC*, 2025 WL 1202238, at *3 (Del. Super. Apr. 23, 2025)

6

petition does not automatically stay the case against the non-debtor co-defendant.[32] To determine whether the action against the co-defendant should be stayed, the court should consider not only the "unusual circumstances" to ensure the automatic stay is not violated, but the impact a partial stay will have on the remaining defendant.

15.     The unusual circumstances analysis focuses on the debtor and considers the identity of interests and the potential impact on the bankruptcy process or property of the estate.[33]  Here, Bayhealth and Milford Center are separate medical providers.  There is no alleged corporate, contractual, or other legal connection between the entities.  Hughes just happened to be treated by these two providers. There is no dispute that each defendant owed independent duties to Hughes.  The only claimed connection between the defendants is a contingent claim for contribution.  This, alone, is not sufficient to find an identity of interest.[34]

---

[32] *McCartney v. Integra Nat. Bank N.,* 106 F.3d 506, 509–10 (3d Cir. 1997) ("it is universally acknowledged that an automatic stay of proceedings accorded by § 362 may not be invoked by entities such as sureties, guarantors, co-obligors, or others with a similar legal or factual nexus to the … debtor.") (citation omitted).

[33] *See Roberts*, 2005 WL 2094843, at *1; *In re LTL Mgt., LLC,* 638 B. R. 291, 305-07 (considering non-debtor's identity of interest with the debtor and the impact on debtor's bankruptcy estate, among other factors impacting the debtor); *In re Parlement Tech., Inc.*, 661 B.R. at 728 (finding that extending the stay through an injunction "to be appropriate where the assertion of those claims would interfere with the debtor's reorganization efforts."); *see also In re Kmart Corp.*, 285 B.R. 679, 688-89 (Bankr. N.D. Ill 2002) (noting that cases finding that contribution claims might be sufficient to warrant a stay of the case against the non-debtor defendant "generally find indemnification against debtor's assets a necessary consequence not a mere unliquidated possible claim.").

[34] *See In re Parlement Tech., Inc.*, 661 B.R. at 729 ("If a standard corporate obligation to indemnify officers or directors for liability arising out of the performance of their duties were sufficient to warrant a preliminary injunction [to stay the action against the debtor's former officers], there would be nothing at all extraordinary about the relief.").

16. Additionally, it appears that the Genesis debtors do not believe there is an identity of interest with Bayhealth. The Genesis debtors filed a motion in the bankruptcy court seeking to extend the automatic stay to some 230 pending cases, which the court granted.[35] This case is not among them.

17. Unlike *Hub Group*, where the court stayed the entire case due to concern over impacting the debtor's bankruptcy case,[36] there is no such concern here. Bayhealth has not shown unusual circumstances to warrant the issuance of a stay.

18. Turning to the impact on Bayhealth, it argues that it will be prejudiced by having to defend this case without discovery from Milford Center. It further argues that allowing the case to proceed now will be inefficient because Bayhealth will have to participate in a second trial against Milford Center to liquidate its contribution claim.

19. Neither plaintiffs nor Bayhealth may currently seek discovery from Milford Center due to the automatic stay. The automatic stay, however, does not completely insulate a debtor from third-party discovery.[37] While a request for

---

[35] Bankr. D.I. 1269 (Order extending the automatic stay).

[36] After the debtor's plan of liquidation was confirmed, the court lifted the stay against Southern States even though the debtor's plan contained an injunction protecting the debtors from continuing litigation. *See* C.A. No. N22C-04-131, D.I. 32.

[37] *See In re Parlement Tech., Inc.*, 661 B.R. at 730 (finding that the cost of the debtor having to respond to third-party discovery was not a sufficient basis to extend the stay (citing *Quarrato v. Madison Glob, LLC,* 2023 WL 7212173, at *2 (S.D.N.Y. Nov. 2, 2023))); *In re Residential Capital, LLC,* 480 B.R. 529, 544 (Bankr. S.D.N.Y. 2012) ("A debtor is not entitled to an *exemption*

8

discovery would likely be denied until after the Genesis debtors close on the sale transaction, the parties may thereafter seek to obtain discovery through relief from the automatic stay (or plan injunction) as is necessary or through a subpoena to Milford Center. Even if Bayhealth is ultimately unsuccessful in obtaining discovery from Milford Center, that is not a reason to stay plaintiffs' claims. That Milford Center exercised its right to seek protection under the bankruptcy code is not the type of prejudice that warrants staying this case.

20. Finally, Bayhealth's concern over being subjected to two trials also does not warrant a stay. To the extent that Bayhealth pursues contribution, its claim will be administered in the bankruptcy court. Thus, it is not likely that the crossclaim will be litigated in this court. If the stay or plan injunction is modified so that Bayhealth may proceed on its contribution claim here, the trial scheduling order may be modified if needed.[38]

---

from discovery in actions against non-debtors[]" but noting that a bankruptcy court may limit or prohibit discovery that places an unreasonable burden on the debtor).

[38] Bayhealth informed the Court during argument that some cases against Genesis and non-debtor defendants pending in another county in this court have been stayed. *See Shepperson v. Genesis Healthcare, Inc.*, S25C-07-018, D.I. 28. It does not appear that any party to that action objected to the case being moved to the dormant docket.

21.    The Motion to Stay is DENIED.  Counsel are instructed to contact Chambers to obtain a trial date and a scheduling order.

**IT IS SO ORDERED**.

/s/Kathleen M. Miller
Kathleen M. Miller, Judge
